**BOUTIN JONES INC.**
Michael E. Chase (SBN 214506)
Travis W. Thompson (SBN 309106)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4444
Facsimile: (916) 441-7597
Email: mchase@boutinjones.com
       tthompson@boutinjones.com

Attorneys for Plaintiffs
Robert A. Lurie and Connie L. Lurie

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT A. LURIE, an individual, and CONNIE L. LURIE, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:24-cv-6439 <br><br> **COMPLAINT FOR REFUND OR CREDIT OF INCOME TAX** <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs, Robert A. Lurie and Connie L. Lurie (hereinafter "Plaintiffs"), by and through their undersigned counsel, file this Complaint for Refund or Credit of Income Tax against Defendant, United States of America ("Defendant" or "United States"). Plaintiffs allege as follows:

**THE PARTIES**

1. Plaintiffs are individuals who have resided in Atherton, California, at all relevant times.

2. Defendant is the United States of America.

///

///

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1340 and 1346.

4. Venue for this action properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1402.

5. This suit arises under the Internal Revenue Code of the United States for the refund of taxes overpaid by Plaintiffs.

6. Plaintiffs have paid all the income tax due for taxable year ending December 31, 2016 ("tax year 2016").

7. Plaintiffs filed a timely claim for refund or credit of the income tax paid.

8. The IRS mailed a statutory notice of claim disallowance to Plaintiffs on September 13, 2022.

9. Plaintiffs have complied with the requirements of 26 U.S.C. ("I.R.C.") §§ 6532 and 7422(a) by filing a timely claim for refund or credit for tax year 2016, and by bringing the instant action within two years from the date of mailing the notice of claim disallowance.

10. <u>Divisional Assignment</u>.  Assignment to the San Francisco Division is proper under Civil L.R. 3-2(c), 3-5(b).  This is a federal tax refund suit.  While General Order 44, Section D.3, provides that assignment of this matter is proper in any division, assignment in the San Francisco Division is most appropriate given that Plaintiffs have resided at all relevant times in Atherton, California, located in the County of San Mateo.

**FACTUAL BACKGROUND**

11. Plaintiff Robert A. Lurie is 95 years old, and plaintiff Connie Lurie is 81 years old.

12. On September 27, 2017, Plaintiffs signed a joint Internal Revenue Service ("IRS") 2016 Form 8879 (IRS e-file Signature Authorization) consenting to allow their tax return preparers to send their 2016 Form 1040 to the IRS electronically (we refer to electronic tax return submissions process as either "e-filed," "e-filing," and similar shorthand references).

13. On October 16, 2017, Plaintiffs, through their tax return preparers, attempted to timely e-file their 2016 Form 1040 (U.S. Individual Income Tax Return).

///

14. The 2016 Form 1040 reported $1,316,418 of total tax, and $1,948,380 of total payments and credits.

15. The 2016 Form 1040 reported an overpayment in the amount of $631,962.

16. Pursuant to I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), the 2016 Form 1040 advised that the 2016 overpayment was to be applied as a credit against Plaintiffs' estimated income tax for tax year 2017.

17. On October 16, 2017, Plaintiffs' return preparers electronically submitted the 2016 Form 1040 to the IRS using CCH ProSystem tax software.

18. After submitting the 2016 Form 1040, Plaintiffs' return preparers learned through the CCH ProSystem tax software that the attempted e-filing had been rejected due to an issue with Plaintiffs' Identity Protection Personal Identification Numbers ("IP PINs").

19. An IP PIN is a six-digit number that prevents someone else from filing a tax return using a taxpayer's Social Security number or Individual Taxpayer Identification Number.

20. In general, once a taxpayer has obtained an IP PIN, the taxpayer must retrieve the IP PIN each calendar year either online or via the mail.

21. For tax year 2016, Plaintiffs were unable to locate any letter from the IRS reflecting their IP PINs, and they were not otherwise able to retrieve their IP PINs.

22. The tax return preparers were similarly unable to obtain or retrieve Plaintiffs' IP PINs.

23. Where a taxpayer's e-filed tax return cannot be perfected and retransmitted due to rejection, the taxpayer must file a paper return by the later of the due date of the return, or by ten calendar days after the date the IRS gives notification that it has rejected the electronic portion of the timely filed return.

24. On October 25, 2017, Plaintiffs sent their 2016 Form 1040 by certified mail to the IRS, along with a copy of the signed 2016 Form 8879 (IRS e-File Signature Authorization).

25. The 2016 Form 1040 mailed on October 25, 2017, was not signed by Plaintiffs.

///

26. By May 1, 2018, at the latest, Plaintiffs received a letter from the IRS containing the 2016 Form 1040 that was previously submitted by mail on October 25, 2017. The IRS letter stated that Plaintiffs' photocopied signatures were not accepted, and requested that Plaintiffs sign a Form 3531 (Request for Signature or Missing Information to Complete Return) in order to complete the tax return.

27. Where the IRS receives a tax return that is missing a signature, the IRS practice is to send the return back to the taxpayer using Form 3531.

28. Plaintiffs signed and returned the Form 3531 to the return preparers along with a complete copy of the original 2016 Form 1040.

29. By letter dated May 11, 2018, Plaintiffs, through their return preparers, mailed to the IRS by certified mail the complete 2016 Form 1040 that the IRS had returned to Plaintiffs, along with the Form 3531 signed by Plaintiffs.

30. Because the 2016 Form 1040 reflected an overpayment of tax in the amount of $631,962, the 2016 Form 1040 was a claim for refund or credit.

31. After May 11, 2018, Plaintiffs did not submit any other copies of the 2016 Form 1040, nor did Plaintiffs otherwise attempt to perfect the 2016 Form 1040 through any other means. As is noted below, the IRS received this 2016 Form 1040, and confirmed receipt by letter dated December 2, 2019.

32. On October 12, 2018, Plaintiffs mailed to the IRS by certified mail a timely paper-filed 2017 Form 1040.

33. Pursuant to I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), Plaintiffs reported on the 2017 Form 1040 the overpayment from tax year 2016 as a credit against the estimated tax for tax year 2017.

34. However, Plaintiffs encountered a similar issue for the 2017 Form 1040 as they did for the 2016 Form 1040, and the IRS did not process the timely-filed 2017 Form 1040.

35. The IRS sent Plaintiffs a Letter 4883C dated December 2, 2019, confirming that the IRS had received Plaintiffs' 2016 Form 1040.

///

36.     The Letter 4883C requested that Plaintiffs call an IRS hotline in order to verify their identity with respect to the 2016 Form 1040.  Plaintiffs did not call the IRS hotline in response to the Letter 4883C for tax year 2016.

37.     The IRS also sent a Letter 4883C dated December 2, 2019, confirming that the IRS had received Plaintiffs' 2017 Form 1040.

38.     The Letter 4883C requested that Plaintiffs call an IRS hotline in order to verify their identity with respect to the 2017 Form 1040.  Plaintiffs did not call the IRS hotline in response to the Letter 4883C for tax year 2017.

39.     On October 2, 2020, Plaintiffs timely and properly filed a 2016 Form 1040X (Amended U.S. Individual Income Tax Return) by certified mail.

40.     Plaintiffs filed the 2016 Form 1040X as a protective claim for refund ("Protective Claim"), which claim was contingent on a case then pending at the United States Supreme Court. *See California v. Texas*, 593 U.S. 659 (2021).  The Protective Claim was intended to protect the refund statute of limitations related to various tax provisions that would have potentially been affected by the Supreme Court's decision, including the Medicare Surtax and the Net Investment Income Tax, among others.

41.     The IRS received the Protective Claim on or before October 16, 2020.

42.     On June 14, 2021, IRS Revenue Officer Patricia Stiver sent a letter to Plaintiffs stating that the IRS wanted to discuss purported "unfiled returns and/or amounts" Plaintiffs purportedly owed the IRS.

43.     Plaintiffs' return preparer, Christopher Leung ("Leung"), contacted Revenue Officer Stiver on behalf of Plaintiffs in response to the letter dated June 14, 2021.

44.     Revenue Officer Stiver stated to Leung that Plaintiffs' Forms 1040 for tax years 2016, 2017, and 2019 had been flagged for potential identity theft associated with the IP PIN issue described above.

45.     Revenue Officer Stiver stated to Leung that Plaintiffs needed to resolve the identity theft issue so the Forms 1040 could be processed.

///

1  46. Revenue Officer Stiver directed Plaintiffs to re-submit to her their Forms 1040 for tax years 2016, 2017, and 2019.

47. Revenue Officer Stiver and Leung reviewed all the payments indicated on Plaintiffs' income tax accounts for tax years 2016, 2017, and 2019 and verified that the payments satisfied the liabilities for each of these years.

48. Revenue Officer Stiver stated that she would make sure all the returns were processed.

49. Revenue Officer Stiver never stated that the 2016, 2017, and 2019 had not been filed.

50. Revenue Officer Stiver stated the IRS could not process the returns because of the identity theft or IP PIN issue.

51. By letter dated July 12, 2021, Plaintiffs re-submitted duplicates of the Forms 1040 for tax years 2016, 2017, and 2019 to Revenue Officer Stiver through FedEx.

52. Revenue Officer Stiver transmitted the Forms 1040 to the IRS Service Center.

53. The 2016 Form 1040 was not processed until June 6, 2022.

54. Because the IRS failed to apply the 2016 overpayment to tax year 2017 as required under I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), the 2017 tax year continued to reflect a large balance due, including a late-filing penalty pursuant to I.R.C. § 6651(a)(1), a late payment penalty pursuant to I.R.C. § 6651(a)(2), and interest.

55. On September 13, 2022, the IRS sent Plaintiffs a statutory notice of claim disallowance with respect to Plaintiffs' refund claim for tax year 2016.

56. The statutory notice of claim disallowance incorrectly states that Plaintiffs' claim for refund for tax year 2016 was received on August 20, 2021.

57. In early 2024, Leung became aware there was still a significant balance due on Plaintiffs' 2017 income tax account despite his understanding that Revenue Officer Stiver would clear up the various income tax account issues resulting from the unprocessed tax returns.

///

///

58. Upon further investigation, Leung discovered the balance due resulted from the IRS failure to apply the tax year 2016 overpayment credit of $631,962 as an estimated payment to the 2017 income tax account.

59. On April 8, 2024, Plaintiffs paid $830,000 for tax year 2017, which amount was intended to full-pay that income tax account.

60. However, the 2017 IRS income tax account transcript as of September 6, 2024, continued to reflect a balance due for interest in the amount of $105,046.89 (interest calculated through September 23, 2024).

61. For tax year 2016, the IRS only allowed $1,316,418 of Plaintiffs' claimed payments/credits, which was enough to cover the total tax of $1,316,418.

62. The IRS erroneously failed to apply the remaining $631,962 as a credit from the 2016 Form 1040 to the 2017 Form 1040.

## CAUSE OF ACTION

### Refund or Credit of Tax Paid

63. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

64. Plaintiffs file this Complaint for Refund pursuant to I.R.C. § 7422(a) against Defendant, for the amounts paid to the IRS, seeking a refund of the overpayment of income taxes, plus statutory interest, pursuant to I.R.C. §§ 6611 and 6621.

65. Defendant failed to apply the 2016 overpayment to the estimated tax payments for tax year 2017 as required by I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5).

66. Alternatively, Defendant failed to refund the 2016 overpayment to Plaintiffs.

67. Defendant erroneously failed to refund or credit the tax paid for 2016. It must now be refunded or credited to tax year 2017.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues triable by a jury. Fed. R. Civ. P. 38(b); Civil L.R. 3-6(a).

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Robert A. Lurie and Connie L. Lurie pray this Court:

1. Grant judgment in favor of Plaintiffs;

2. Order Defendant to apply the 2016 overpayment in the amount of $631,962 to tax year 2017, as of April 15, 2018;

3. In the alternative to applying the 2016 overpayment to tax year 2017, order Defendant to refund $631,962, plus statutory interest, to Plaintiffs for tax year 2016;

4. Award reasonable litigation and administrative costs as permitted by I.R.C. § 7430; and

5. Award such other and further relief to which Plaintiffs are entitled at law or in equity.

Date: September 12, 2024

BOUTIN JONES INC.

By:_____
Travis W. Thompson

Attorneys for Plaintiffs
Robert A. Lurie and Connie L. Lurie