DAVID A. HUBBERT
Deputy Assistant Attorney General

RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Phone: 202.514.5173
Fax:     (202) 307-0054
Ryan.Watson@usdoj.gov

*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. LURIE, and<br>CONNIE L. LURIE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Case No. 5:24-cv-6439-EKL<br><br>**UNITED STATES' ANSWER** |

The United States of America files the following Answer:

**I.  AFFIRMATIVE DEFENSES**

1.　　To the extent that the Court determines that Plaintiffs Robert and Connie Lurie (the Luries) have raised a meritorious argument that would establish that the Luries have overpaid their taxes, the United States is entitled to reduce that overpayment based on any tax liabilities that the Luries may owe, whether or not previously assessed or alleged. The United States is entitled to such reduction because the redetermination of the Luries' entire tax liability is at issue in this refund suit. 26 U.S.C. § 6402; *Lewis v. Reynolds*, 284 U.S. 281 (1932).

2.　　To the extent the Luries' request declaratory or other injunctive relief, their claim is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. To the extent the Luries' Complaint sets forth theories of recovery that differ from those set forth in their administrative claim for refund, the doctrine of variance bars them from raising such arguments outside of those in the administrative claim.

4. To the extent the Luries request an award of attorney fees and costs under 26 U.S.C. § 7430, their claim is barred due to a failure to exhaust administrative remedies, as required by 26 U.S.C. § 7430(b)(1).

## II. ANSWER

### THE PARTIES

1. Plaintiffs are individuals who have resided in Atherton, California, at all relevant times.

**Answer: Admitted.**

2. Defendant is the United States of America.

**Answer: Admitted.**

### JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1340 and 1346.

**Answer: Admitted.**

4. Venue for this action properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1402.

**Answer: Admitted.**

5. This suit arises under the Internal Revenue Code of the United States for the refund of taxes overpaid by Plaintiffs.

**Answer: Admitted that this is a tax refund suit arising under the Internal Revenue Code. Denied that Plaintiffs overpaid their taxes.**

\\

\\

\\

\\

\\

United States' Answer - 2

1        6.      Plaintiffs have paid all the income tax due for taxable year ending December 31, 2016 ("tax year 2016").

       **Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

       7.      Plaintiffs filed a timely claim for refund or credit of the income tax paid.

       **Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

       8.      The IRS mailed a statutory notice of claim disallowance to Plaintiffs on September 13, 2022.

       **Answer: Admitted that the IRS mailed a statutory notice of claim disallowance to the Plaintiffs in September 2022. IRS transcripts indicate that the claim was disallowed on September 26, 2022.**

       9.      Plaintiffs have complied with the requirements of 26 U.S.C. ("I.R.C.") §§ 6532 and 7422(a) by filing a timely claim for refund or credit for tax year 2016, and by bringing the instant action within two years from the date of mailing the notice of claim disallowance.

       **Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

       10.      <u>Divisional Assignment</u>. Assignment to the San Francisco Division is proper under Civil L.R. 3-2(c), 3-5(b). This is a federal tax refund suit. While General Order 44, Section D.3, provides that assignment of this matter is proper in any division, assignment in the San Francisco Division is most appropriate given that Plaintiffs have resided at all relevant times in Atherton, California, located in the County of San Mateo.

       **Answer: Admitted.**

\\

\\

United States' Answer - 3

FACTUAL BACKGROUND

11. Plaintiff Robert A. Lurie is 95 years old, and plaintiff Connie Lurie is 81 years old.

**Answer: Admitted.**

12. On September 27, 2017, Plaintiffs signed a joint Internal Revenue Service ("IRS") 2016 Form 8879 (IRS e-file Signature Authorization) consenting to allow their tax return preparers to send their 2016 Form 1040 to the IRS electronically (we refer to electronic tax return submissions process as either "e-filed," "e-filing," and similar shorthand references).

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

13. On October 16, 2017, Plaintiffs, through their tax return preparers, attempted to timely e-file their 2016 Form 1040 (U.S. Individual Income Tax Return).

**Answer: IRS transcripts do not indicate an attempt to e-file the 2016 return on October 16, 2017, and the United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

14. The 2016 Form 1040 reported $1,316,418 of total tax, and $1,948,380 of total payments and credits.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

15. The 2016 Form 1040 reported an overpayment in the amount of $631,962.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

\\

\\

United States' Answer - 4

16. Pursuant to I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), the 2016 Form 1040 advised that the 2016 overpayment was to be applied as a credit against Plaintiffs' estimated income tax for tax year 2017.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

17. On October 16, 2017, Plaintiffs' return preparers electronically submitted the 2016 Form 1040 to the IRS using CCH ProSystem tax software.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

18. After submitting the 2016 Form 1040, Plaintiffs' return preparers learned through the CCH ProSystem tax software that the attempted e-filing had been rejected due to an issue with Plaintiffs' Identity Protection Personal Identification Numbers ("IP PINs").

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

19. An IP PIN is a six-digit number that prevents someone else from filing a tax return using a taxpayer's Social Security number or Individual Taxpayer Identification Number.

**Answer: Admitted.**

20. In general, once a taxpayer has obtained an IP PIN, the taxpayer must retrieve the IP PIN each calendar year either online or via the mail.

**Answer: Admitted.**

21. For tax year 2016, Plaintiffs were unable to locate any letter from the IRS reflecting their IP PINs, and they were not otherwise able to retrieve their IP PINs.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

United States' Answer - 5

22. The tax return preparers were similarly unable to obtain or retrieve Plaintiffs' IP PINs.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

23. Where a taxpayer's e-filed tax return cannot be perfected and retransmitted due to rejection, the taxpayer must file a paper return by the later of the due date of the return, or by ten calendar days after the date the IRS gives notification that it has rejected the electronic portion of the timely filed return.

**Answer: Admitted; however, the United States denies that the Plaintiffs properly resubmitted any rejected return.**

24. On October 25, 2017, Plaintiffs sent their 2016 Form 1040 by certified mail to the IRS, along with a copy of the signed 2016 Form 8879 (IRS e-File Signature Authorization).

**Answer: IRS transcripts do not reflect this purported filing, and the United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

25. The 2016 Form 1040 mailed on October 25, 2017, was not signed by Plaintiffs.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

26. By May 1, 2018, at the latest, Plaintiffs received a letter from the IRS containing the 2016 Form 1040 that was previously submitted by mail on October 25, 2017. The IRS letter stated that Plaintiffs' photocopied signatures were not accepted, and requested that Plaintiffs sign a Form 3531 (Request for Signature or Missing Information to Complete Return) in order to complete the tax return.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

United States' Answer - 6

27. Where the IRS receives a tax return that is missing a signature, the IRS practice is to send the return back to the taxpayer using Form 3531.

**Answer: Admitted.**

28. Plaintiffs signed and returned the Form 3531 to the return preparers along with a complete copy of the original 2016 Form 1040.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

29. By letter dated May 11, 2018, Plaintiffs, through their return preparers, mailed to the IRS by certified mail the complete 2016 Form 1040 that the IRS had returned to Plaintiffs, along with the Form 3531 signed by Plaintiffs.

**Answer: IRS transcripts do not reflect this purported filing, and the United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

30. Because the 2016 Form 1040 reflected an overpayment of tax in the amount of $631,962, the 2016 Form 1040 was a claim for refund or credit.

**Answer: Admitted that a properly completed and a filed Form 1040 reflecting an overpayment of tax generally constitutes a claim for refund. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

31. After May 11, 2018, Plaintiffs did not submit any other copies of the 2016 Form 1040, nor did Plaintiffs otherwise attempt to perfect the 2016 Form 1040 through any other means. As is noted below, the IRS received this 2016 Form 1040, and confirmed receipt by letter dated December 2, 2019.

**Answer: IRS transcripts do not reflect this purported filing, and the United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

\\

United States' Answer - 7

1    32.    On October 12, 2018, Plaintiffs mailed to the IRS by certified mail a timely paper-filed 2017 Form 1040.

**Answer: IRS transcripts do not reflect this purported filing, and the United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

33.    Pursuant to I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), Plaintiffs reported on the 2017 Form 1040 the overpayment from tax year 2016 as a credit against the estimated tax for tax year 2017.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

34.    However, Plaintiffs encountered a similar issue for the 2017 Form 1040 as they did for the 2016 Form 1040, and the IRS did not process the timely-filed 2017 Form 1040.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

35.    The IRS sent Plaintiffs a Letter 4883C dated December 2, 2019, confirming that the IRS had received Plaintiffs' 2016 Form 1040.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

36.    The Letter 4883C requested that Plaintiffs call an IRS hotline in order to verify their identity with respect to the 2016 Form 1040. Plaintiffs did not call the IRS hotline in response to the Letter 4883C for tax year 2016.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

\\

United States' Answer - 8

37. The IRS also sent a Letter 4883C dated December 2, 2019, confirming that the IRS had received Plaintiffs' 2017 Form 1040.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

38. The Letter 4883C requested that Plaintiffs call an IRS hotline in order to verify their identity with respect to the 2017 Form 1040. Plaintiffs did not call the IRS hotline in response to the Letter 4883C for tax year 2017.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

39. On October 2, 2020, Plaintiffs timely and properly filed a 2016 Form 1040X (Amended U.S. Individual Income Tax Return) by certified mail.

**Answer: IRS transcripts reflect a filing of an amended 2016 return on October 19, 2020. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

40. Plaintiffs filed the 2016 Form 1040X as a protective claim for refund ("Protective Claim"), which claim was contingent on a case then pending at the United States Supreme Court. *See California v. Texas*, 593 U.S. 659 (2021). The Protective Claim was intended to protect the refund statute of limitations related to various tax provisions that would have potentially been affected by the Supreme Court's decision, including the Medicare Surtax and the Net Investment Income Tax, among others.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

41. The IRS received the Protective Claim on or before October 16, 2020.

\\

United States' Answer - 9

1  **Answer: IRS transcripts reflect a filing of an amended 2016 return on October 19, 2020. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

42. On June 14, 2021, IRS Revenue Officer Patricia Stiver sent a letter to Plaintiffs stating that the IRS wanted to discuss purported "unfiled returns and/or amounts" Plaintiffs purportedly owed the IRS.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

43. Plaintiffs' return preparer, Christopher Leung ("Leung"), contacted Revenue Officer Stiver on behalf of Plaintiffs in response to the letter dated June 14, 2021.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

44. Revenue Officer Stiver stated to Leung that Plaintiffs' Forms 1040 for tax years 2016, 2017, and 2019 had been flagged for potential identity theft associated with the IP PIN issue described above.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

45. Revenue Officer Stiver stated to Leung that Plaintiffs needed to resolve the identity theft issue so the Forms 1040 could be processed.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing**

United States' Answer - 10

paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.

46. Revenue Officer Stiver directed Plaintiffs to re-submit to her their Forms 1040 for tax years 2016, 2017, and 2019.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

47. Revenue Officer Stiver and Leung reviewed all the payments indicated on Plaintiffs' income tax accounts for tax years 2016, 2017, and 2019 and verified that the payments satisfied the liabilities for each of these years.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

48. Revenue Officer Stiver stated that she would make sure all the returns were processed.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

49. Revenue Officer Stiver never stated that the 2016, 2017, and 2019 had not been filed.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation**

1  **contained therein. The United States further denies the allegations of the foregoing**
2  **paragraph to the extent it alleges that the statements of a revenue officer (or statements not**
3  **made by the revenue officer) bind the United States or absolve the Plaintiffs of filing**
4  **proper, timely tax returns.**

50. Revenue Officer Stiver stated the IRS could not process the returns because of the identity theft or IP PIN issue.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

51. By letter dated July 12, 2021, Plaintiffs re-submitted duplicates of the Forms 1040 for tax years 2016, 2017, and 2019 to Revenue Officer Stiver through FedEx.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

52. Revenue Officer Stiver transmitted the Forms 1040 to the IRS Service Center.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

53. The 2016 Form 1040 was not processed until June 6, 2022.

**Answer: Although it is unclear if it is the purported return referred to in Paragraph 51, above, and this paragraph, IRS transcripts reflect that a return for 2016 was filed on June 6, 2022. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

54. Because the IRS failed to apply the 2016 overpayment to tax year 2017 as required under I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5), the 2017 tax year continued to

1  reflect a large balance due, including a late-filing penalty pursuant to I.R.C. § 6651(a)(1), a late

2  payment penalty pursuant to I.R.C. § 6651(a)(2), and interest.

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

55.  On September 13, 2022, the IRS sent Plaintiffs a statutory notice of claim disallowance with respect to Plaintiffs' refund claim for tax year 2016.

**Answer:  Admitted that the IRS sent Plaintiffs a statutory notice of claim disallowance for tax year 2016 in September 2022. IRS transcripts reflect that the claim was disallowed, and notice issued on September 26, 2022.**

56.  The statutory notice of claim disallowance incorrectly states that Plaintiffs' claim for refund for tax year 2016 was received on August 20, 2021.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein.**

57.  In early 2024, Leung became aware there was still a significant balance due on Plaintiffs' 2017 income tax account despite his understanding that Revenue Officer Stiver would clear up the various income tax account issues resulting from the unprocessed tax returns.

**Answer: The United States is without knowledge or information sufficient to admit or deny the allegations of the foregoing paragraph and on that basis denies every allegation contained therein. The United States further denies the allegations of the foregoing paragraph to the extent it alleges that the statements of a revenue officer bind the United States or absolve the Plaintiffs of filing proper, timely tax returns.**

58.  Upon further investigation, Leung discovered the balance due resulted from the IRS failure to apply the tax year 2016 overpayment credit of $631,962 as an estimated payment to the 2017 income tax account.

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

59. On April 8, 2024, Plaintiffs paid $830,000 for tax year 2017, which amount was intended to full-pay that income tax account.

**Answer: Admitted that IRS transcripts show an $830,000 payment on or around April 8, 2024. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

60. However, the 2017 IRS income tax account transcript as of September 6, 2024, continued to reflect a balance due for interest in the amount of $105,046.89 (interest calculated through September 23, 2024).

**Answer: Denied that IRS transcripts currently show an amount due for 2017. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

61. For tax year 2016, the IRS only allowed $1,316,418 of Plaintiffs' claimed payments/credits, which was enough to cover the total tax of $1,316,418.

**Answer: Admitted that no balance is showing due for 2016. The United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

62. The IRS erroneously failed to apply the remaining $631,962 as a credit from the 2016 Form 1040 to the 2017 Form 1040.

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year. The**

United States' Answer - 14

**United States is without knowledge or information sufficient to admit or deny the remaining allegations of the foregoing paragraph and on that basis denies every remaining allegation contained therein.**

<u>Cause of Action</u>

Refund or Credit of Tax Paid

63. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

**Answer: The United States reasserts and incorporates its responses to the foregoing allegations.**

64. Plaintiffs file this Complaint for Refund pursuant to I.R.C. § 7422(a) against Defendant, for the amounts paid to the IRS, seeking a refund of the overpayment of income taxes, plus statutory interest, pursuant to I.R.C. §§ 6611 and 6621.

**Answer: Admitted that the Plaintiff filed this Complaint seeking a refund. Denied that the Plaintiffs made an overpayment for which they are due a refund.**

65. Defendant failed to apply the 2016 overpayment to the estimated tax payments for tax year 2017 as required by I.R.C. § 6402 and Treas. Reg. § 301.6402-3(a)(5).

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year.**

66. Alternatively, Defendant failed to refund the 2016 overpayment to Plaintiffs.

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year.**

67. Defendant erroneously failed to refund or credit the tax paid for 2016. It must now be refunded or credited to tax year 2017.

**Answer: Denied that Plaintiffs made an overpayment for 2016 and that the IRS failed to apply any amount to tax year 2017 that should have been applied to that year.**

\\

\\

\\

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor and against Plaintiffs Robert A. Lurie and Connie L. Lurie and award the United States its costs incurred in this proceeding and any other relief the Court deems just and proper.

Respectfully submitted,

Dated: <u>December 19, 2024</u>

DAVID A. HUBBERT
Deputy Assistant Attorney General

<u>/s/ *Ryan S. Watson*</u>
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
Washington, D.C. 20044
Phone: 202.514.5173
Fax:   202.307.0054
Ryan.Watson@usdoj.gov

*Counsel for the United States of America*

United States' Answer - 16